UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gerard L. Roy

     Plaintiff,

vs.

Hagerty Insurance Agency, LLC;
Farmers Insurance Company;
Essentia Insurance Company, Inc.;

     Defendants.

Case No.
Hon.

RECEIVED BY MAIL

FEB 1 8 2020

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

---

## VERIFIED COMPLAINT WITH JURY DEMAND

### I. INTRODUCTION

This is a civil action by the Plaintiff, Gerard L. Roy, pro se, seeking damages related to the loss of his 1969 Chevrolet Corvette Collector Car and unpaid insurance benefits. The Plaintiff seeks $80,000. in damages for his loss and an additional $80,000. in punitive damages, for a total of $160,000.

### II. JURISDICTION

1. The Court has diversity jurisdiction under 28 U.S.C. § 1332(a) due to the fact that the Plaintiff and Defendants are citizens of different states and the matter in controversy is greater than $75,000. for the individual Plaintiff.

SCANNED
FEB 1 8 2020
U.S. DISTRICT COURT MPLS

7014 2120 0003 5210 8675

## III. PARTIES

3.   The Plaintiff, Gerard L. Roy, was a resident of Prior Lake, Minnesota at the time the events described in this Complaint took place.

4.   The Defendant, the Hagerty Insurance Agency, LLC ("Hagerty") is located in Traverse City, Michigan, and insured the Plaintiff's vehicle.

5.   The Defendant, Farmers Insurance Company ("Farmers") is located in Woodland Hills, California, and insured Plaintiff's residence.

6.   The Defendant, Essentia Insurance Company, Inc. ("Essentia") is located in Glen Allen, Virginia, and was the underwriter of the auto insurance policy sold by Hagerty to Plaintiff.

## IV. FACTS

### BREACH OF CONTRACT

7.   On April 13, 2015, Plaintiff resided in Scott County, Minnesota.

8.   The Plaintiff's residence was insured by Farmers.

9.   On April 12, 2015, Plaintiff purchased a 1969 Chevrolet Corvette Collector Car.

10.   On April 13, 2015, Plaintiff purchased an auto insurance policy from Hagerty on the Hagerty Classic Car website, www.hagerty.com.  See Ex. B.

11.   Plaintiff answered the questions asked on the Hagerty online auto insurance application, submitted the completed application, and was immediately approved and quoted a yearly premium.  See Ex. C.

12.   Plaintiff was prompted to click the signature box to accept the terms and conditions of the policy and to simultaneously pay the premium requested.   See Ex. D, page 4.

2.

13.   The Plaintiff paid the premium, $441. for the year, in full at that time.

14.   Hagerty immediately issued a Proof of Insurance Card, and a detailed coverage document verifying that the Corvette Collector Car was insured for a stated value of $45,000.   See Ex. E.

15.   On May 20, 2015, approximately 37 days later, the insured vehicle caught fire due to an electrical fire originating within the vehicle.

16.   The fire caused damage to another vehicle, a 2001 Jaguar, insured by Geico, who did in fact cover the claim.

17.   This fire caused damage to 2 snowmobiles and 2 jet skis, insured by Progressive, who did in fact cover the claim.

18.   On May 21, Plaintiff submitted a claim for damages to Hagerty who subsequently determined that the vehicle was a total loss.

19.   Hagerty and their underwriter have refused to reimburse Plaintiff despite the fact that he had a valid insurance policy which insured the vehicle for a stated value of $45,000.

20.   Hagerty and Essentia have materially breached the contract.

21.   The cost to replace the 1969 Chevrolet Corvette Collector Car is $80,000. which are Plaintiff's damages due to Hagerty and Essentia's breach of contract.

## BREACH OF FIDUCIARY DUTY

22. Hagerty, Farmers, and Essentia have a fiduciary relationship with the insured, the Plaintiff.

23.   Hagerty, Farmers, and Essentia have breached that fiduciary duty to defend Plaintiff, when he brought forward the claim covered by the auto insurance policy issued by Hagerty.

3.

24. On May 23, 2015, Hagerty contacted the Plaintiff to inform him that they were investigating the fire for possible fraud.

25. On May 29, 2015, Hagerty and Farmers took possession of the insured motor vehicle. See Ex. G.

26. Hagerty informed Plaintiff via email and letter that to complete the investigation, they required the keys to the vehicle as well as the signed title sent to the Hagerty claims office in Traverse City, MI. See Ex. H.

27. The Plaintiff complied with this request resulting in the loss of the keys, title and vehicle.

28. The Plaintiff has been harmed by Hagerty, Farmers, and Essentia who have breached their fiduciary duties, because the Plaintiff has lost his vehicle, keys and title, with a replacement cost of $80,000.

BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, (Bad Faith Denial)

29. On April 13, 2015, Plaintiff entered into an insurance contract issued by Hagerty and underwritten by Essentia, to insure Plaintiff's 1969 Chevrolet Corvette. See Ex. B & D.

30. The Plaintiff paid the yearly premium for the auto insurance policy with the coverage period of April 13, 2015 through April 13, 2016, in advance on April 13, 2015, insuring the Corvette Collector Car for a stated value of $45,000. See Ex. E.

31. On May 21, 2015, Plaintiff filed a valid claim with Hagerty.

32. After an extensive cause and origin investigation, Hagerty, Farmers, and Essentia determined that the vehicle's faulty wiring caused the fire which totalled the vehicle.

33. Yet, Hagerty and Essentia refuse to reimburse Plaintiff for his loss loss under this insurance contract. See Ex. F.

4.

34. Instead, Hagerty, Farmers, and Essentia have taken Plaintiff's vehicle, including the keys and title.

35. Hagerty and Essentia have breached the insurance contract by failing to reimburse Plaintiff for his insured loss.

36. The Plaintiff has suffered damages in the amount of $80,000., the cost to replace the 1969 Chevrolet Corvette Collector Car.

37. Hagerty and Essentia have given no reasonable basis for denying the claim and paying the benefits due under the insurance contract.

38. Hagerty and Essentia knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis for denying the benefits of the insurance policy.

39. Hagerty and Essentia have refused to fulfill their duty and contractual obligations of covering the Plaintiff's loss and paying him the benefits due under the insurance contract.

40. Rather, Hagerty and Essentia have engaged in affirmative misconduct by taking the Plaintiff's vehicle and causing Plaintiff to sign over the title to the vehicle, under the threat that Hagerty and Essentia would otherwise refuse to perform said duties obligated pursuant to the insurance contract.

FRAUD/FRAUDULENT MISREPRESENTATION

41. Hagerty, Farmers, and Essentia have defrauded the Plaintff.

42. On April 13, 2015, Plaintiff completed the Hagerty online auto insurance application on the Hagerty Classic Car Insurance website to insure his 1969 Chevrolet Corvette. See Ex. C.

43. The Plaintiff truthfully answered all of the questions asked on the Hagerty online auto insurance application..

5.

44. Once the Hagerty online auto insurance questions were answered by the Plaintiff, he was prompted to submit the application. Within 45 seconds, Hagerty approved the application and quoted a yearly premium. See Ex. C.

45. The Plaintiff was prompted to click the acceptance box, that unbeknownst to the Plaintiff was on a separate, secondary application prepared by Hagerty partly based upon the answers provided on the primary Hagerty online auto insurance application of which he was originally approved. See Ex. D.

46. Hagerty forwarded this secondary application containing incorrect information to the underwriter, Essentia, for approval and subsequent issuance of the policy. See Ex. D, p. 1, Sec. C, Driving Record, (felony conviction).

47. Hagerty made false misrepresentations of material facts on this second application, specifically stating that the Plaintiff had no prior felony convictions and misstating the Plaintiff's driving record. See Ex. D.

48. The Plaintiff answered questions on the primary Hagerty online auto insurance application only and on that application there were no questions at all referencing prior felony convictions. Furthermore, Plaintiff did not answer any questions whatsoever regarding his girlfriend's driving record as she was specifically excluded as an additional driver on this policy. See. Ex. C.

49. The primary Hagerty online auto insurance application was used to populate the questions asked on the secondary application submitted to the underwriter by Hagerty, containing false information not supplied by the Plaintiff. See Ex. C compared to Ex. D, (felony convictions).

50. The results of Hagerty's misrepresentations caused an application to be submitted to the underwriter containing false statements which the underwriter has now used to deny the claim. See Ex. F.

51. Hagerty answered the felony conviction question contained on the secondary application, Section C- Driving Record, without ever asking the

Plaintiff if he had a prior felony conviction or not.   See Ex. C, Ex. D.

52.   Hagerty made their false statements to induce the issuance of the auto insurance policy by the underwriter, Essentia and to prompt the Plaintiff to enter into the insurance contract and remit payment for said policy, in the amount of $441.

53.   On April 13, 2015, Plaintiff relied on the misrepresentations made by Hagerty to the underwriter, Essentia when he accepted the terms and conditions of the policy and remitted the $441. premium, believing that he had insured the motor vehicle as required by the State of Minnesota.

54.   On May 20, 2015, the insured vehicle was destroyed by a fire caused by an electrical issue originating from within the insured vehicle.

55.   On May 21, Plaintiff submitted his valid insurance claim to Hagerty.

56.   On July 15, 2015, Essentia sent a letter to Plaintiff notifying him that Essentia has completed its investigation and cited Exhibit D, page 1, Section C, Driving Record, "Have you or any residents or dependents had any moving violations, suspensions, **felony convictions,** accidents or insurance claims within the last 3 years?   See Ex. F.

57.   As a result of the Plaintiff's reliance upon the misrepresentations made by Hagerty to the underwriter, Plaintiff has suffered pecuniary damages in the amount of $80,000., the cost to replace the 1969 Chevrolet Corvette Collector Car.

CONVERSION

58.   On April 12, 2015, Plaintiff purchased his 1969 Chevrolet Corvette Collector Car.

59.   Plaintiff had title to the vehicle, holding a property interest in

7.

the insured vehicle.

60.   On May 29, 2015, Hagerty and Farmers working in unison, contracted with Shakopee Towing to remove the insured vehicle from the Plaintiff's residence under the guise of a mandatory cause and origin investigation.   See Ex. G.

61.   To date, Hagerty and Farmers have not returned the Plaintiff's vehicle, depriving him of that property interest.

62.   Hagerty and Farmers owe Plaintiff $80,000., the fair market value of the vehicle.


REPLEVIN

63.   On April 12, 2015, Plaintiff purchased his 1969 Chevrolet Corvette Collector Car.

64.   The 1969 Chevrolet Corvette was titled in the name of the Plaintiff with no lien holders.

65.   On May 29, 2015, Hagerty and Farmers working in unison, contracted with Shakopee Towing to have the insured vehicle towed from Plaintiff's residence under the guise of a mandatory cause and origin investigation.   See Ex. G.

66.   On numerous occasions, Plaintiff has requested that Hagerty and Farmers return his vehicle and title.

67.   To date, Hagerty and Farmers have not returned the Plaintiff's vehicle.

68.   Hagerty and Farmers have unlawfully taken from, and withheld from the Plaintiff, his 1969 Chevrolet Corvette Collector Car.

69.   Hagerty and Farmers must return to Plaintiff, his 1969 Chevrolet Corvette or pay damages as listed under Minn. Stat. § 548.04.

8.

CIVIL THEFT

70. On May 29, Hagerty and Farmers, working in unison, contracted with Shakopee Towing to have the insured vehicle removed from the Plaintiff's residence under the guise of a mandatory cause and origin investigation.  See Ex. G.

71. Hagerty and Farmers intended to commit theft by swindle.

72. Hagerty and Farmers obtained Plaintiff's vehicle by swindle, claiming that they needed the vehicle for a mandatory arson investigation.

73. Hagerty and Farmers swindled Plaintiff out of his vehicle by cheating him through a scheme and deliberate artifice, namely convincing Plaintiff that he was mandated by insurance regulations and under the policy to comply with the cause and origin investigation and to sign and mail the title and keys to the Hagerty corporate office in Traverse City, MI.

74. Hagerty and Farmers are liable for the theft of Plaintiff's vehicle and the current replacement cost, $80,000., plus punitive damages for a total of $160,000., pursuant to Minn. Stat. § 604.14.

NEGLIGENT MISREPRESENTATION

75. On April 13, 2015, Plaintiff applied online at the Hagerty Classic Car Insurance website, www.hagerty.com intending to purchase auto insurance for his 1969 Chevrolet Corvette Collectors Car.

76. Plaintiff truthfully answered the questions asked on the Hagerty online auto insurance application.

77. The Hagerty online auto insurance application did not contain any questions about prior felony convictions. See Ex. C.

78. Hagerty approved the application and issued an auto insurance policy to the Plaintiff insuring the 1969 Chevrolet Corvette based solely on the questions asked and answers provided on that primary Hagerty online auto insurance application.   See Ex. B.

9.

79. Hagerty then used the primary Hagerty online auto insurance application to populate the questions asked on a secondary and subsequent application which was forwarded to the Hagerty underwriter, Essentia for approval.

80. Unbeknownst to the Plaintiff, Hagerty misrepresented Plaintiff's prior felony conviction to the Hagerty underwriter, Essentia. This incorrect information was misrepresented to the underwriter by Hagerty and not the Plaintiff during the application process.

81. Hagerty merely requested that the applicant click a box to accept the terms and conditions of the policy to finalize the application process.

82. Hagerty, a company who has been in the insurance business for more than 40 years owed a duty of care to Plaintiff and the underwriter when providing information and the accuracy of that information.

83. Hagerty provided incorrect information to Plaintiff and underwriter, Essentia, for the purpose of guiding Plaintiff and underwriter, in a business transaction, such as this insurance policy, Hagerty must exercise reasonable care or compliance in obtaining or communicating the information.

84. The Plaintiff did not know that Hagerty had supplied false information to it's underwriter, Essentia, to secure the issuance of the auto insurance policy, when it requested that Plaintiff click the acceptance box of the secondary application populated with misinformation regarding his prior felony conviction. See Ex. C as compared to Ex. D, (felony conviction).

85. Plaintiff justifiable relied on Hagerty's application process when he signed a valid insurance application presented by Hagerty containing misinformation and then subsequently paying the premium requested and accepted by Hagerty.

10.

86. Hagerty failed to use reasonable care in communicating truthful information both to the Plaintiff and the underwriter, Essentia.

87. Hagerty, as the insurer, did not exercise skill or caution of a reasonable, prudent person in the insurance business when providing pertinent information to Plaintiff, or the underwriter, Essentia, information required in the acceptance and issuance of an auto insurance policy.

88. As a direct result of the Hagerty misrepresentations, the underwriter, has subsequently declined to pay benefits due on the claim filed by the Plaintiff and further, they have rescinded the policy and denied coverage. The Plaintiff has not been able to recover the insured vehicle taken by Hagerty and Farmers, resulting in damages amounting to $80,000. for the replacement of the Corvette.

### MINNESOTA CONSUMER FRAUD ACT
### (MCFA, Minn. Stat. § 8.31 Subd. 3a and 325F.69)

89. Hagerty and Essentia have engaged in fraud, false pretense, false promise, misrepresentation, misleading statements, and deceptive business practices to swindle consumers out of insurance benefits.

90. Hagerty lures consumers through its website, by offering an online application, which contains about 13 questions. See Ex. C.

91. Once the consumer completes these questions, Hagerty, within 45 seconds, approves the applicant for the auto insurance applied for without any meaningful review. See Ex. C.

92. The approval is accompanied by an enticing low quote and asks the consumer to click a box for acceptance. See Ex. C and Ex. D.

93. Unbeknownst to the insured, Hagerty baits and switches the applications. Ex. C. is restated as Ex. D, (the felony question which was not on Ex. C. somehow appears on Ex. D).

11.

94. Hagerty actually presents a second and subsequent application to the applicant containing information which has been re-stated based upon the answers provided by the applicant on the primary Hagerty online application. This re-stated application is full of misinformation.

95. The consumer believing that he has already been approved based on the questions originally answered on the primary Hagerty online application, clicks the acceptance box never thinking that a reputable insurance company would redefine the information provided to fit the underwriting criteria of the underwriter, Essentia.

96. Hagerty then sends this secondary application to Essentia, its underwriter.

97. The insured believes that he has covered his vehicle, but Hagerty and Essentia really know that they can deny benefits and or rescind the insurance contract at anytime based on the alleged false information in the second application.

98. Hagerty and Essentia are scamming consumers, it is in the public interest that this fraudulent relationship between Hagerty and Essentia be stopped pursuant to the MCFA.

99. Plaintiff is the victim of this scam perpetrated by Hagerty and Essentia.

100. On April 13, 2015, Plaintiff completed the 13-question Hagerty on-line auto insurance application located on the Hagerty Classic Car website, www.hagerty.com to insure his 1969 Chevrolet Corvette Collector Car. See Ex. C.

101. The Plaintiff truthfully answered all of the questions on the application to the best of his knowledge and ability.

102. Once the online application was complete, (13 questions), the Plaintiff was prompted to submit the application which he did. Within 45

seconds, Hagerty approved the application, exclaiming, "CONGRATULATIONS", your application for auto insurance has been approved, the yearly cost is $441., further directing the applicant, to click his acceptance of the terms and conditions of the policy, of which the application has been restated by Hagerty without the knowledge or permission of the Plaintiff.  See Ex. C & D.

103.  Unbeknownst to Plaintiff, Hagerty had answered a question regarding prior felony convictions, on the secondary application, in the negative, done specifically to allow the application to fall within the underwriting criteria of the underwriter, Essentia, the Hagerty co-conspirator.  See Ex. D.

104.  Hagerty knows exactly what the underwriting criteria of their underwriter specifies.  Hagerty redefines each and every application to fit within these underwriting criteria.  Compare Ex. C with Ex. D, pg. 1, Sec. C.

105.  Hagerty then submits the restated application to the underwriter Essentia for approval and subsequent issuance of the auto insurance policy.

106.  Hagerty made false representations on behalf of the Plaintiff, without the Plaintiff's knowledge or permission specifically denying that the Plaintiff had no prior felony convictions and other driving record facts.

107.  Hagerty and Essentia then rely on the fact that the Plaintiff did not disclose his prior felony conviction, which was not asked on the Hagerty online auto insurance application, to deny benefits and to rescind the policy.

108.  Hagerty made false assertions to the underwriter without the Plaintiff's knowledge or permission, specifically, stating that Plaintiff had no prior felony convictions, without knowing whether that statement was true or false.  Hagerty restated answers from Ex. C to Ex. D, regarding prior felony.

109. Hagerty is responsible for transmitting false information on a restated auto insurance application to the underwriter, Essentia which information purported that the Plaintiff had no prior felony convictions spec-

13.

ifically to induce the approval of and subsequent issuance of the auto insurance policy by the underwriter, Essentia.

110.   On April 13, 2015, Plaintiff unknowingly relied upon Hagerty's misrepresentations by clicking the acceptance box and paying the premium requested, $441., and believing that the 1969 Chevrolet Corvette Classic Car was fully insured pursuant to the laws of the State of Minnesota.

111.   Hagerty and Essentia knew that they could rescind the contract at anytime because the issuance of the policy was based upon the information provided on the secondary application restated by Hagerty containing false information.  Ex. C does not ask about felony convictions yet it is answered  on Ex. D.

112.   On May 20, 2015  Plaintiff's insured 1969 Chevrolet Corvette was destroyed by an electrical fire which began from within the vehicle.

113.   On May 21, 2015, Plaintiff submitted a valid insurance claim to Hagerty.

114.   On July 15, 2015, Essentia informed the Plaintiff that it was denying the claim, citing the non-disclosure of the felony conviction and other incorrect and or inaccurate driving record information which was not supplied by the Plaintiff but by Hagerty who restated Ex. C to Ex. D.

115.   As a result of the Plaintiff unknowingly relying upon the misrepresentations made by Hagerty to the underwriter and the subsequent issuance of the auto insurance policy based upon the misrepresentions, Plaintiff has suffered pecuniary damages in the amount of $80,000., the cost to replace the insured vehicle.

116.   Hagerty and Essentia have proximately caused the Plaintiff's financial loss of $80,000., by wrongfully rescinding his insurance policy and refusing to pay the benefits due under the policy as a result of the loss.

14.

117. Plaintiff has been injured by the misconduct of Hagerty and Essentia.

118. The Plaintiff's cause of action will benefit the public by protecting consumers from the Hagerty and Essentia scheme to defraud.

## MINNESOTA'S FALSE STATEMENT in ADVERTISING ACT (MFAA), Minn. § 325F.69, 325F.67

119. Hagerty, in the sale of its insurance policy, has used fraud, false pretense, false promise, misrepresentations, misleading statements and deceptive practices with intent that others rely on these improper statements, violating the public interest.

120. On April 13, 2015, Plaintiff saw an advertisement online for auto insurance, provided by Hagerty Classic Car Insurance, www.hagerty.com. Ex. C.

121. The advertisement offered low premiums for classic collector cars.

122. Plaintiff is a resident of Minnesota and sought to insure his 1969 Chevrolet Corvette which was then titled and registered in the State of Minnesota.

123. Hagerty's advertisement misled Plaintiff into believing that he could purchase a valid insurance policy with a low premium by filling out a basic 13-questions application. See Ex. C.

124. After completing the 13-question application, Hagerty approved the application within 45 seconds, directing Plaintiff to click an acceptance box which unbeknownst to him, he was actually approving incorrect information provided by Hagerty based, in part from the questions that the Plaintiff truthfully answered on the primary Hagerty online auto insurance application. See Ex. D.

125. Hagerty inserted false information into the secondary application based upon the questions answered in the primary application and answering other questions incorrectly because they didn't know the answer to the prior felony conviction question as it was not asked on the primary application. The Plaintiff never answered a question about prior felony convictions.

15.

126. The second application falsely claimed that Plaintiff had no prior felony convictions. Hagerty answered this question without the knowledge or consent of the Plaintiff. See Ex. D. pg. 1, Sec. C, Driving Record, (felony).

127. Hagerty's notice stated that if Plaintiff clicked the acceptance, he would get merchandise in the form of an insurance contract that would cover his 1969 Chevrolet Corvette. See Ex. D, page 4, acceptance/signature on file.

128. Hagerty stated that once Plaintiff paid the premium of $441., Hagerty would insure the vehicle for a stated value of $45,000.

129. Based on Hagerty's fraud, false pretense, false promise, misrepresentation, misleading statements, and deceptive practices, Hagerty sold Plaintiff an insurance policy with the intent that Plaintiff rely on these improper statements.

130. Hagerty had no intention of covering any of Plaintiff's potential losses and had Essentia underwrite the insurance contract.

131. Once Plaintiff filed a claim for benefits, Hagerty and Essentia no longer wanted to honor the insurance policy sold to Plaintiff by Hagerty.

132. On May 20, 2015, Plaintiff's insured vehicle was totalled by an electrical problem originating within the vehicle.

133. On May 21, 2015, Plaintiff submitted a valid insurance claim to Hagerty.

134. On July 15, 2015, Essentia notified Plaintiff that it had denied the coverage of the insurance contract based upon the non-disclosure of the prior felony conviction by the Plaintiff, which was the false information that was inserted by Hagerty, namely that Plaintiff had no prior felony conviction.

135. Based upon Hagerty's improper statements, Plaintiff has suffered damages in the amount of $80,000., the cost to replace the insured vehicle.

CIVIL RICO

136.   Hagerty and Essentia have engaged in misconduct by forming an association through a pattern of racketeering activity.

137.   Hagerty and Essentia have engaged in the conduct of enticing a consumer to apply on Hagerty's website for Classic Car auto insurance; inducing the consumer to accept the terms of a fraudulently prepared second application; and then paying for the policy which was issued based on incorrect information provided by Hagerty.   See Ex. C and D.

138.   On April 13, 2015, Plaintiff completed such an online auto insurance application on the Hagerty Classic Car Insurance website, with the intent of purchasing insurance to insure his 1969 Chevrolet Corvette Collector Car.   Ex. C.

139.   Within 45 seconds after the submission of the completed online auto insurance application, Hagerty approved the application, quoting a yearly premium of $441., and simultaneously directing the Plaintiff to click on the acceptance box.   Ex. C, and Ex. D, page 4, (acceptance/signature on file).

140.   Unbeknownst to the Plaintiff, by clicking the acceptance box, he was accepting the terms and conditions of the second application, a subsequent application created by Hagerty based upon the information provided on the first and original Hagerty online auto insurance application completed not more than 3-5 minutes previously.   Compare Ex. C with Ex. D. pg. 1, Sec C, (prior felony).

141.   Hagerty's second application had numerous misrepresentations, most importantly, that Plaintiff had no prior felony conviction.   See Ex. D.

142.   Hagerty's role was to lure unsuspecting consumers onto their insurance website; process the application; populate the information given on the primary application onto a second application; and then induce the consumer to accept the terms and conditions of the second application without knowing that it contained incorrect information supplied by Hagerty.   Compare Ex. C, (no prior felony questions asked), Ex. D., page 1, Sec. C, (no prior felony)?

17.

143.  Essentia's role was to underwrite the insurance contracts that Hagerty sold, knowing full well that due to the misrepresentations made by Hagerty without the knowledge of the applicant, they would have a reason to deny any potential future claims made.

144.  Hagerty and Essentia have formed an enterprise where Essentia underwrites the contracts that Hagerty sells; Hagerty also processes the claims on behalf of Essentia.

145.  On May 21, 2015, Plaintiff submitted his valid insurance claim to Hagerty after the insured vehicle was destroyed by fire.

146.  Plaintiff never heard of Essentia until the day he received the denial letter.

147.  On July 15, 2015, Essentia notified Plaintiff that it had unilaterally rescinded the insurance contract and was not going to honor the Plaintiff's claim based on the misinformation Hagerty inserted into the second application.

148.  Hagerty and Essentia have previously admitted to a pattern of misconduct, saying that the Hagerty online auto insurance software erroneously populates the secondary application with incorrect information.

149.  Hagerty and Essentia have agreed to this pattern because it quickly generates quotes and premiums and the subsequent sale of a large number of insurance contracts which will not necessarily be paid because they contain false information provided by Hagerty without the knowledge of the applicant.

150.  Hagerty and Essentia have committed fraud, mail-fraud, wire-fraud, and theft which amount to racketeering activity.

## UNJUST ENRICHMENT

151.   In April, 2015, Plaintiff purchased his 1969 Chevrolet Corvette and held title to that vehicle.

152.   On May 29, 2015, Hagerty and Farmers hired Shakopee Towing to remove Plaintiff's vehicle from his residence under the guise of a cause of origin investigation.   See Ex. G.

153.   Hagerty and Farmers induced Plaintiff to sign the title to the insured vehicle and mail same to Hagerty's headquarters in Traverse City, MI.

154.   Plaintiff unknowingly conferred a benefit to Hagerty and Farmers, namely his 1969 Chevrolet Corvette.

155.   Hagerty and Farmers appreciated and recognized this benefit by retaining the 1969 Chevrolet Corvette, despite Plaintiff's repeated requests for its return.

156.   Hagerty and Farmers have accepted and retained the benefit, the 1969 Chevrolet Corvette, under circumstances that are inequitable and unjust, because defendants never paid for this vehicle or compensated insured in any way for the loss of this vehicle, which would cost $80,000. to replace.


## IV. CLAIMS for RELIEF

157.   The actions of Hagerty and Essentia in forming an insurance contract, accepting the payment for the premium from Plaintiff, refusing to pay the benefits due under this policy as a result of the Plaintiff's loss constitutes a breach of contract under the laws of the State of Minnesota.

158.   The actions of Hagerty, Farmers, and Essentia in forming a fiduciary relationship with Plaintiff, breaching this duty by failing to pay the benefits due under the insurance policy, unlawfully taking his vehicle, and thereafter keeping said vehicle without reimbursing him, amount to a breach in fiduciary duty.

19.

159. The actions of Hagerty and Essentia in forming an insurance contract; accepting payment of the yearly premium; refusing to honor Plaintiff's valid claim; thereby defendants breached the contract; having given no reasonable basis for denying the benefits or acting in reckless disregard of the lack of reasonable basis; having refused to fulfill their duty and contractual obligations; and engaged in affirmative misconduct, amounts to breach of implied covenant of good faith and fair dealing.

160. The actions of Hagerty and Essentia in having made false misrepresentations of material facts; made with knowledge of the falsity; with the intent to induce action in reliance therein; their representation caused action in reliance therein; and caused Plaintiff damages of a result of his reliance, amount to fraud and fraudulent misrepresentation.

161. The actions of Hagerty and Farmers where Plaintiff held a property interest in his 1969 Chevrolet Corvette, yet defendants deprive Plaintiff of his vehicle amounts to conversion, which is unlawful under Minnesota law.

162. The actions of Hagerty and Farmers where Plaintiff owns the 1969 Chevrolet Corvette, but defendants have unlawfully taken, and withheld from Plaintiff, his vehicle amounts to replevin as listed under Minn. Stat. § 548.04.

163. The actions of Hagerty and Farmers demonstrate intent to commit theft by swindle where defendants took Plaintiff's 1969 Chevrolet Corvette, claiming that the vehicle was needed for a mandatory cause of origin investigation required in an insurance investigation, cheating Plaintiff through a scheme and deliberate artifice are liable for civil theft.

164. The actions of Hagerty, show that, as the insurer: it owed a duty of care to Plaintiff; it supplied false information to Plaintiff; the Plaintiff justifiable relied on that information; and it failed to exercise reas-

20.

onable care in communicating that information, amounts to negligent misrepresentation.

165. The actions of Hagerty and Essentia where they engaged in fraud, false pretense, false promise, misrepresentation, misleading statements, and deceptive practices to swindle consumers, including Plaintiff, out of insurance benefits by issuing insurance contracts based upon applications containing false information supplied, not by the applicant but by the defendant, Hagerty, allowing Essentia to easily deny the claims based on this incorrect information, violates the public interest and are liable under the Minnesota Consumer Fraud Act, Minn. Stat. § 8.31 Subd. 3a and 325F.69.

166. The actions of Hagerty where in the sale of its insurance policy has used fraud, false pretense, false promise, misrepresentation, misleading statements and deceptive practices with the intent that others rely on these improper statements, causing Plaintiff damages in violation of Minnesota's False Statement in Advertising Act, Minn. Stat. § 325F.69, 325F.67.

167. The actions of Hagerty and Essentia in engaging in the misconduct of inducing the Plaintiff into accepting an insurance contract that was issued based upon false information provided by Hagerty, and later rescinded due to that very same false information.

168. Hagerty and Essentia formed an association through a pattern of racketeering activity, namely fraud, mail-fraud, wire-fraud, and theft, constitutes civil rico.

169. The actions of Hagerty and Farmers where Plaintiff unknowingly conferred the benefit, his 1969 Chevrolet Corvette Collector Car, the defendants appreciated and recognized the fact that the benefit was conferred, and the defendants accepted and retained the benefit under circumstances

21.

that are inequitable and unjust, amount to unjust enrichment.

## VI. RELIEF REQUESTED

WHEREFORE, plaintiff requests that the Court grant the following relief;

A.   Award compensatory damages in the amount of $80,000 jointly and sev-
erally against defendants Hagerty, Farmers and Essentia.

B.   Award punitive damages in the amount of $80,000 against defendants,
Hagerty, Farmers, and Essentia.

C.   Grant such other relief as it may appear that Plaintiff is entitled.

Respectfully submitted,

January 29, 2020
Date.

Gerard L. Roy, 19050041
Federal Prison Camp- Duluth
P.O. Box 1000
Duluth, MN 55814

22.